IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ALBERT L. HARDEMON, JR.,      §
TDCJ-CID NO. 932954,          §
                              §
             Petitioner,      §
                              §
v.                            §
                              §     CIVIL ACTION NO. H-05-2597
DOUGLAS DRETKE, Director,     §
Texas Department of Criminal  §
Justice, Correctional         §
Institutions Division,        §
                              §
             Respondent.      §

## MEMORANDUM OPINION AND ORDER

Albert L. Hardemon, Jr.,[1] proceeding pro se and in forma pauperis, has filed a petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) under 28 U.S.C. § 2254, claiming ineffective assistance of counsel in filing a petition for discretionary review. Pending before the court is Respondent Dretke's Answer with Brief in Support (Docket Entry No. 17) and Hardemon's Motion to Oppose Respondent Answer (Docket Entry No. 20). For the reasons discussed below, the court will deny Hardemon's petition for a Writ of Habeas Corpus.

---

[1]In his federal petition, the petitioner indicates his last name is "Hardemon." However, "Hardeman" is the spelling used in the state records. Petitioner himself uses both spellings in his pleadings. The court will refer to petitioner as "Hardemon."

## I.  **Procedural History and Claims**

Hardemon was convicted in the 337th District Court of Harris County, Texas, on two felony counts of aggravated sexual assault of a child and one felony count of sexual assault of a child.

The jury assessed punishment of forty years' imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), for each count of aggravated sexual assault of a child and twenty years' imprisonment in the TDCJ-CID for the count of sexual assault of a child.  The Texas Court of Appeals affirmed his convictions on July 31, 2002.  Nos. 01-00817, 818, and 819CR (Tex. App. -- Houston [1st Dist.] July 21, 2002).

Hardemon filed a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals on September 17, 2002. Hardeman v. State, No. 1634-02 (Tex. Crim. App. 2002).  On December 4, 2002, the PDR was struck for non-compliance with Rule of Appellate Procedure 68.5 (limiting the page lengths of PDRs). Hardeman v. State, No. 1634-02 through No. 1636-02 (Tex. Crim. App. 2002).  The Court allowed the petitioner to redraw the PDR within thirty days of the order.  Id. Petitioner refiled his redrawn PDR on December 12, 2002.  Hardeman v. State, No. 1635-02 (Tex. Crim. App. 2002).  On January 22, 2003, the Court of Criminal Appeals refused the second PDR on the merits.  Ex parte Hardeman, Application No. WR-56,493-03 at 62, 72-73.

Hardemon filed six applications for a state writ of habeas corpus. He filed the first three applications on June 4, 2003. Ex parte Hardeman, Application No. WR-56,493-01 at 2, 7; Ex parte Hardeman, Application No. WR-56,493-02 at 2, 7; Ex parte Hardeman, Application No. WR-56,493-03 at 2, 7 (all claiming ineffective assistance of counsel during the filing of a PDR). The Texas Court of Criminal Appeals denied these applications without written order on the findings of the trial court and without a hearing on October 1, 2003. Id. at respective covers.

The Texas Court of Criminal Appeals stated in its finding of fact and order denying Hardemon's three applications for writs of habeas corpus that it had considered the merits in refusing the second PDR. Ex parte Hardeman, Application No. WR-56,493-03 at 72-73. Specifically, it found that Hardemon failed to show that his second petition for discretionary review was struck for non-compliance with a procedural rule. The court also found that Hardemon failed to show that his appellate counsel was ineffective. Id.

Hardemon subsequently filed three more applications for a state writ of habeas corpus in March of 2004. Ex parte Hardeman, Application No. WR-56, 493-04 at 2, 7 (challenging Hardemon's aggravated sexual assault of a child conviction in cause number 809997); Ex parte Hardeman, Application No. WR-56,493-05 at 2, 7 (challenging Hardemon's aggravated sexual assault of a child

-3-

conviction in cause number 809998); <u>Ex parte Hardeman</u>, Application No. WR-56,493-06 at 2, 7 (challenging Hardemon's sexual assault of a child conviction in cause number 809996).  On June 8, 2005, the Texas Court of Criminal Appeals denied these applications without written order on the findings of the trial court and without a hearing.  <u>Id.</u> at respective covers.

## II.  <u>Standard of Review</u>

### A.    AEDPA

Hardemon filed his 28 U.S.C § 2254 petition for a federal writ of habeas corpus on July 27, 2005.  (Docket Entry No. 1)  Hardemon's petition is subject to review under the amendments to the federal habeas corpus statutes embodied in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which apply to those habeas corpus cases filed after its effective date of April 24, 1996.  28 U.S.C. § 2254.  <u>Lindh v. Murphy</u>, 117 S. Ct. 2059, 2063 (1997).

The provisions of section 2254(d) set forth "a highly deferential standard for evaluating state-court rulings," which demands that state court decisions be given the benefit of the doubt.  <u>Woodford v. Visciotti</u>, 123 S. Ct. 357, 360 (2002) (quoting <u>Lindh</u>, 117 S. Ct. at 2066).  A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court decision

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Mixed questions of law and fact are reviewed under subsection (d)(1) of § 2254. See Drinkard v. Johnson, 97 F.3d 751, 767-68 (5th Cir. 1996), cert. denied, 117 S. Ct. 1114 (1997), overruled on other grounds by Lindh, 117 S. Ct. at 2063 (1997).

A state court's legal determination is contrary to the established precedent of the Supreme Court only where "the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000); Chambers v. Johnson, 218 F.3d 360, 363 (5th Cir.), cert. denied, 121 S. Ct. 508 (2000).

In reviewing a federal habeas petition of a person in state custody, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

**B.   Ineffective Assistance of Counsel**

A defendant asserting ineffective assistance of counsel must prove that (1) counsel's performance was deficient and

-5-

(2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984). The first prong of the test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Under the second prong the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Wilkerson v. Collins, 950 F.2d 1054, 1064 (5th Cir. 1992). A "mere possibility" that a different result might have occurred is not enough to demonstrate prejudice. Lamb v. Johnson, 179 F.3d 352, 360 (5th Cir. 1999).

Petitioner must demonstrate ineffectiveness by a preponderance of the evidence. Jernigan v. Collins, 980 F.2d 292, 296 (5th Cir. 1992). If the petitioner makes an insufficient showing on one prong of the test, the court need not address the other. Strickland, 104 S. Ct. at 2069. In order to prevail, a petitioner must overcome a strong presumption that counsel rendered adequate assistance and made decisions in the exercise of reasonable professional judgement. Id. at 2065-66.

## III.  Analysis

Hardemon claims that he was denied effective assistance of counsel in filing his PDR with the Texas Court of Criminal Appeals. He argues that counsel was ineffective because both his first and

-6-

second PDRs were struck for non-compliance with procedural rules.
Fed. Writ. Pet. at 7.  However, the Texas Court of Criminal Appeals
found in denying Hardemon's state writs of habeas corpus that
(1) Hardemon failed to show that his second petition for
discretionary review was struck for non-compliance with some
procedural rule, and (2) he failed to show that his appellate
counsel was ineffective.  See Ex parte Hardeman, Application
No. WR-56,493-03 at 72-73.  This court reviews these state court
findings under the deferential standard of 28 U.S.C. § 2254.

A criminal defendant does not have a constitutional right to
counsel to pursue discretionary state appeals or applications for
review in the state Supreme Court.  Ross v. Moffitt, 94 S. Ct.
2437, 2443 (1974).  The fact that an appeal has been provided does
not automatically mean that a state acts unfairly by refusing to
provide counsel to indigent defendants at every stage of the way.
Ross, 94 S. Ct. at 2444 (citing Douglas v. California, 83 S. Ct.
814, 819 (1963)).  The Due Process Clause of the Fourteenth
Amendment does not require a state to provide indigents with the
services of counsel in seeking discretionary review beyond the
first step of appeal.  Ayala v. State, 633 S.W.2d 526, 527 (Tex.
Crim. App. 1982) (citing Ross, 94 S. Ct. at 2443).  "The fact that
a particular service might be of benefit to an indigent defendant
does not mean that the service is constitutionally required."
Ross, 94 S. Ct. at 2447.

-7-

The right to effective assistance of counsel is dependent on the right to counsel itself. <u>Evitts v. Lucey</u>, 105 S. Ct. 830, 837 (1985) (citing <u>Wainright v. Torna</u>, 102 S. Ct. 1300, 1301 (1982)). If an appellant has no constitutional right to counsel in seeking such discretionary review, he cannot be deprived of effective assistance of counsel by his counsel's failure to file a proper application for review by the state Supreme Court. <u>Wainright</u>, 102 S. Ct. at 1301.

In Texas a criminal defendant has no right to counsel in filing a PDR with the Texas Court of Criminal Appeals. <u>Ayala</u>, 633 S.W.2d at 527. Because Hardemon has no right to effective assistance of counsel in filing a PDR, he cannot assert a claim for ineffective assistance of counsel.

Furthermore, even if petitioner could assert a claim for ineffective assistance of counsel, petitioner has not shown either deficiency or prejudice. Petitioner argues that his counsel's performance was ineffective because both Hardemon's first and second PDRs were struck for non-compliance with Texas Rule of Appellate Procedure 68.5 (limiting page numbers). Petitioner is incorrect. The record shows that the second PDR was judged and refused on the merits, not for non-compliance with a procedural rule. <u>Ex parte Hardeman</u>, Application No. WR-56,493-03 at 72-73. Hardemon cannot show deficiency because his counsel did not make an error in filing the second PDR. <u>Id.</u> Because the second PDR was

-8-

considered and refused on the merits, not struck for non-compliance with a procedural rule, petitioner also cannot demonstrate prejudice.  Id.  As Hardemon has not shown deficiency or prejudice, his ineffective assistance of counsel claim fails.

This court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits unless the state court determination resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.  28 U.S.C. § 2254(d).  Using a "highly deferential standard for evaluating state-court decisions," Lindh, 117 S. Ct. at 2066, this court concludes that the Texas Court of Criminal Appeals was not unreasonable or ruling contrary to law in denying petitioner's applications for a writ of habeas corpus claiming ineffective assistance of counsel.  Hardemon is not entitled to federal habeas corpus relief on his claim, and the court will deny his petition for a writ of habeas corpus.

## IV.  Certificate of Appealabilty (COA)

Hardemon has not yet requested a Certificate of Appealability (COA) on the claims denied in this Memorandum Opinion and Order, but the issue of a COA may arise.  This court may deny a COA sua sponte.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  To obtain a COA Hardemon must make a substantial showing of the denial of a constitutional right.  28

U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2569 (2004). To make such a showing Hardemon must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further. <u>Tennard</u>, 124 S. Ct. at 2569. For the reasons stated in this Memorandum Opinion and Order, Hardemon has not made a substantial showing of the denial of a constitutional right.

### V.   <u>Conclusion and Order</u>

For the reasons discussed above, petitioner is not entitled to federal habeas corpus relief.

The court **ORDERS** the following:

1.   Petitioner's Application for a Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED.**

2.   A certificate of appealability is **DENIED**.

3.   The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner, and will provide a copy of the petition and this Memorandum Opinion and Order to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 5th day of June, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE